UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LOUISE FIUTKO,

      **Plaintiff,**

v.                  **DECISION AND ORDER**
                    **17-CV-686**
NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

      **Defendant.**

## INTRODUCTION

    Pursuant to 28 U.S.C. § 636(c), the parties have consented to have the undersigned conduct any and all further proceedings in this case, including entry of final judgment. Dkt. No. 15. Plaintiff Louise Fiutko brings this action pursuant to the Social Security Act ("the Act") seeking review of the final decision of Acting Commissioner of Social Security (the "Commissioner"), which denied her applications for supplemental security income ("SSI") and disability insurance benefits ("DIB") under Title II of the Act. Dkt. No. 1. The Court has jurisdiction over this action under 42 U.S.C. § 405 (g).

    Both parties have moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Dkt. Nos. 13, 14. For the reasons that follow, the plaintiff's motion is GRANTED, and the Commissioner's motion is DENIED.

## BACKGROUND

    On January 8, 2014, the plaintiff protectively filed applications for SSI and DIB with the Social Security Administration ("SSA") alleging disability due to: bulging discs in her neck and lower back; chronic neck and back pain; inability to lift over ten pounds;

1

inability to bend over; difficulty twisting, turning, pushing and pulling; inability to stand longer than fifteen minutes; difficulty sleeping due to pain; and inability to drive due to side effects from pain medication since August 11, 2012.  Tr.[1] 159-171.  On April 7, 2014, the plaintiff's claims were denied by the SSA at the initial level.  Tr. 104-105.  On May 17, 2016, the plaintiff appeared with her attorney and testified before Administrative Law Judge, Scott Johnson ("the ALJ").  Tr. 30-67.  On August 9, 2016, the ALJ issued a decision finding the plaintiff was not disabled within the meaning of the Act.  Tr. 10-22.  Plaintiff timely requested review of the ALJ's decision, which the Appeals Council denied on May 24, 2017.  Tr. 1-6.  Thereafter, the plaintiff commenced this action seeking review of the Commissioner's final decision.  Dkt. No. 1.

**LEGAL STANDARD**

I.     **District Court Review**

"In reviewing a final decision of the SSA, the Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard."  *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g).  The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence.  42 U.S.C. § 405(g).  "Substantial evidence means more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted).  It is not the Court's function to "determine *de novo* whether [the claimant] is disabled."  *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted); *see also*

---

[1] References to "Tr." are to the administrative record in this matter.

2

*Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

**II.      Disability Determination**

An ALJ must follow a five-step process to determine whether an individual is disabled under the Act. *See Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). 20 C.F.R. § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (20 C.F.R. § 404.1509), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for collective impairments. *See* 20 C.F.R. § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to demonstrate that the claimant "retains a residual functional capacity to perform the alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

### I. The ALJ's Decision

The ALJ's decision analyzed the plaintiff's claim for benefits under the process described above. The ALJ found the plaintiff met insured status requirements of the SSA through December 31, 2015. Tr. 12. At step one, the ALJ found that the plaintiff had not engaged in substantial gainful activity since August 11, 2012. Tr. 12. At step two, the ALJ found the plaintiff had the severe impairments of degenerative disc disease of the lumbar and cervical spines and a multitude of non-severe and/or nonmedically determinable impairments, including cubital tunnel and carpal tunnel syndrome on the left. Tr. 13. At step three, the ALJ found that these impairments, alone or in combination, did not meet or medically equal any listings impairment. Tr. 14.

Next, the ALJ determined that the plaintiff retained the RFC to perform light work[2], as defined in 20 C.F.R. § 404.1567(b) and 416.967(b) with additional limitations. Tr. 14. Specifically, she can only occasionally climb ramps, and stairs, but never ladders, ropes, or scaffolds. *Id.* She can occasionally balance, stoop, kneel, crouch, and crawl. *Id.* The ALJ also instructed that the plaintiff should "avoid all hazards, including use of moving machinery and exposure to unprotected heights." *Id.* At step four, the ALJ relied on a vocational expert's testimony and found that the plaintiff could perform her past relevant work as a security guard and cleaner. Tr. 18. Accordingly, the ALJ found the plaintiff was not disabled from August 11, 2012 through August 9, 2016. Tr. 19.

## II.   Analysis

The plaintiff argues that remand is warranted because: (1) the ALJ failed to incorporate any limitations from the plaintiff's degenerative disc disease of the cervical spine into the RFC, despite finding the condition a "severe impairment"; and (2) disregarded the plaintiff's carpal/cubital tunnel impairment both at step two and in determining the plaintiff's RFC. Dkt. No. 13 at 10, 14. The Commissioner contends that the ALJ's decision should be affirmed where the ALJ properly evaluated the medical opinions of record regarding the plaintiff's degenerative disc disease of the cervical spine and found the plaintiff's carpal/cubital tunnel was not a severe impairment at step two.

---

[2] Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time. 20 C.F.R. § 404.1567

5

Dkt. No. 14 at 10, 14. The Court agrees that the ALJ determined the plaintiff's RFC without accounting for her non-severe impairments, which constitutes legal error.

### A.   Carpal/cubital tunnel

An RFC determination must account for limitations imposed by both severe and non-severe impairments. *See* 20 C.F.R. § 404.1545(a)(2) ("We will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not 'severe [ ]' … when we assess your [RFC]…."); 20 C.F.R. § 416.945(a)(2) (same, but with respect to SSI as opposed to DIB). An impairment is "not severe" if it does not significantly limit an individual's physical or mental capacity to perform basic work activities, i.e., walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling. 20 C.F.R. § 404.1521. While step two is meant to weed out *de minimis* cases, the plaintiff bears the burden at this step, and she failed to establish that her wrist/elbow impairment was "severe" as defined in the regulations.

In his decision, the ALJ acknowledged the plaintiff was diagnosed with cubital tunnel and carpal tunnel syndrome on the left, with examination findings showing positive Tinel's[3] across the left elbow and positive Phalen's test for carpal tunnel syndrome on the left. Tr. 13 (referencing Tr. 383). The ALJ concluded that the plaintiff's carpal/cubital tunnel syndrome on the left was "stable," but did not explicitly state that it was a non-severe impairment. *Id.* The ALJ noted the plaintiff's examination notes from her treatment providers indicating conservative treatment for cubital/carpal tunnel

---

[3] Tinel's test at elbow for ulnar neuropathy positive on the left. Tr. 383.

6

syndrome and that the plaintiff had not undergone surgery and was not prescribed braces or splints for the impairment. *Id.*

The Court does not disturb the ALJ's finding that the plaintiff's impairment was not severe. However, the ALJ's RFC finding in this matter does not contain any limitations regarding use of the upper extremities. *See supra* at 5. The Court therefore cannot discern whether the ALJ considered this impairment, or the other non-severe impairments, when assessing the plaintiff's RFC. The ALJ mentioned no manipulative limitations, did not discuss any symptomology or medical evidence relating to any of the non-severe impairments, and did not state that he considered the combination of impairments in making his determination. "Remand is required when the ALJ fails to account for the [plaintiff's] nonsevere impairments when determining his or her RFC." *Graham v. Berryhill*, 16-CV-6787, 2017 WL 5019274 at *3 (W.D.N.Y. Aug. 2, 2017) (citing *Parker-Grose v. Astrue*, 462 Fed. Appx. 16, 18 (2d Cir. 2012) (summary order)); *Lawrence v. Comm'r of Soc. Sec.*, No. 17-CV-6722, 2019 WL 2491920, at *3 (W.D.N.Y. June 14, 2019) (collecting cases). Nor did the ALJ find the plaintiff's cubital/carpal tunnel-related limitations "to be non-existent or *de minimis*," such that any error resulting from his failure to address them in his RFC analysis would be harmless. *Trombley v. Colvin*, No. 15-CV-00567, 2016 WL 5394723 (N.D.N.Y. 2016).

On remand, the Commissioner should specifically consider the plaintiff's carpal tunnel diagnosis as part of the revised step four analysis to be sure that all of her impairments are considered in determining his RFC. *See* 20 C.F.R. § 404.1545(a)(2) ("We will consider all of your medically determinable impairments of which we are aware,

7

including your medically determinable impairments that are not 'severe' ... when we assess your residual functional capacity."); see Graham, 2017 WL 5019274 at *3. In light of this determination, the Court need not address the plaintiff's remaining contention. See, e.g., Freeman v. Comm'r of Soc. Sec., No. 18-CV-6141 CJS, 2019 WL 2482188, at *3 (W.D.N.Y. June 14, 2019).

Considering the plaintiff filed her application over five years ago, the SSA is directed to expedite the remand process to the extent reasonably possible.

## CONCLUSION

For the reasons stated above, plaintiff's Motion for Judgment on the Pleadings (Dkt. No. 13) is GRANTED. Defendant's Motion for Judgment on the Pleadings (Dkt. No. 14) is DENIED. The Clerk of Court is directed to enter judgment and close this case.

DATED: Buffalo, New York
June 27, 2019

> *s/ H. Kenneth Schroeder, Jr.*
> **H. KENNETH SCHROEDER, JR.**
> **United States Magistrate Judge**